IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEWART MANAGO,

        Plaintiff,                              No. CIV S-04-1712 FCD DAD P

    vs.

M. KNOWLES, et al.,

        Defendants.                      FINDINGS & RECOMMENDATIONS

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. On October 27, 2004, plaintiff filed a motion requesting preliminary injunctive relief against unspecified defendants. Among the relief plaintiff seeks is a transfer back to California State Prison - Sacrament (CSP-Sacramento). On May 19, 2005, plaintiff filed a notice of change of address indicating that plaintiff is now incarcerated at CSP-Sacramento. When an inmate seeks injunctive or declaratory relief which is no longer applicable because of his transfer to another prison facility, the injunctive request becomes moot. See Weinstein v. Bradford, 423 U.S. 147, 149 (1975); Dilley v. Gunn, 64 F.3d 1365, 1368-69 (9th Cir. 1995). Plaintiff's request for an order to obtain a transfer is moot.

/////

/////

1  Plaintiff's other requests for injunctive relief are overly broad and speculative. In
2  this regard, plaintiff requests that defendants be ordered to rescind "any policy or practice which
3  includes a violation of plaintiff Manago's mental health rights ," to cease "tampering with
4  plaintiff's mental health records," to cease "any form of harassment," "to address the numerous
5  deprivation of plaintiff having been denied meaningful protection and adequate mental health
6  treatment," and to "free" plaintiff rom the "threat of being placed in the ASU or SHU[.]" (Mot.
7  for Prelim. Injunc., at 23-24.) Because these requests for injunctive relief are vague and non-
8  specific as to a particular defendant, the court cannot determine if the injunctive relief requested
9  is within the scope of authority of any of the named defendants. In addition, to the extent the
10 requested injunctive relief is beyond the scope of the authority of the named defendants, this
11 court is unable to issue an order against individuals who are not parties to a suit pending before
12 it. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969). Finally, any
13 preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the
14 harm the court finds requires preliminary relief, and be the least intrusive means necessary to
15 correct the harm." 18 U.S.C. § 3626(a)(2). Here, plaintiff's requests are directed to all
16 defendants and are not narrowly drawn. The motion for a preliminary injunction should therefore
17 be denied.

18  Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's October 27, 2004
19 motion for preliminary injunction be denied.

20  These findings and recommendations are submitted to the United States District
21 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty
22 days after being served with these findings and recommendations, plaintiff may file written
23 objections with the court. The document should be captioned "Objections to Magistrate Judge's
24 Findings and Recommendations." Plaintiff is advised that failure to file objections within the
25 /////
26 /////

1  specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951
2  F.2d 1153 (9th Cir. 1991).
3  DATED: August 15, 2005.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

7  DAD:4
   mana1712.inj

3