1

2

3

4

5

6

7

8                        IN THE UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10    STEWART MANAGO,

11              Plaintiff,                    No. CIV S-04-1712 FCD DAD P

12         vs.

13    M. KNOWLES, et al.,

14              Defendants.                   ORDER

15    _____/

16              Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42

17    U.S.C. §§ 1983 and 1985(c), and 28 U.S.C. § 794.  Plaintiff has paid the appropriate filing fee.

18    This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C.

19    § 636(b)(1).

20              Plaintiff sets forth three causes of action in his amended complaint.[1]  First,

21    plaintiff claims that defendants failed to protect him from sexual harassment and sexual assault

22    by defendant Brockett, a former correctional officer at California State Prison - Sacramento

23

24         [1]  The Federal Rules of Civil Procedure provide that a party may amend his or her
      pleading "once as a matter of course at any time before a responsive pleading is served."  Fed. R.
25    Civ. P. 15(a).  However, an amended complaint supersedes the original complaint.  See Loux v.
      Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once an amended pleading is filed, the original pleading
26    no longer serves any function in the case.  Id.; see also E.D. Local Rule 15-220.

1    (CSP-Sacramento).  Second, plaintiff claims that defendants subjected him to retaliation and a

2    retaliatory transfer to a facility that provided him with inadequate mental health care.  Third,

3    plaintiff claims that the defendants subjected him to cruel and unusual punishment by failing to

4    provide him with proper mental health care.  Plaintiff has named sixteen defendants in this

5    action, seven of which work at Salinas Valley State Prison.

6           The court is required to screen complaints brought by prisoners seeking relief

7    against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

8    § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

9    claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

10   granted, or that seek monetary relief from a defendant who is immune from such relief.  28

11   U.S.C. § 1915A(b)(1),(2).

12          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

13   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

14   (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

15   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

16   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

17   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

18   Cir. 1989); Franklin, 745 F.2d at 1227.

19          A complaint, or portion thereof, should only be dismissed for failure to state a

20   claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set

21   of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King &

22   Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer

23   v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a

24   complaint under this standard, the court must accept as true the allegations of the complaint in

25   question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the

26   /////

1  pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,

2  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

3          The court finds the allegations of plaintiff's amended complaint so vague and

4  conclusory that it is unable to determine whether the current action is frivolous or fails to state a

5  claim for relief.  The court has determined that the amended complaint does not contain a short

6  and plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a

7  flexible pleading policy, a complaint must give fair notice and state the elements of the claim

8  plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).

9  Plaintiff must allege with at least some degree of particularity overt acts which each of the

10  defendants engaged in that support plaintiff's claim.  Id.  Because plaintiff has failed to comply

11  with the requirements of Fed. R. Civ. P. 8(a)(2), the amended complaint must be dismissed.  The

12  court will, however, grant leave to file a second amended complaint.

13          Plaintiff provides a lengthy narrative at the section of his complaint titled, "Facts."

14  However, plaintiff does not clarify which facts are alleged in support of his three claims, and

15  because of the complaint's disjointed narrative, the court is unable to make that determination.

16  For example, plaintiff describes a cell extraction from the sallyport holding cell but does not

17  make clear whether he is alleging that the cell extraction was done as retaliation for engaging in

18  protected activity, whether the cell extraction demonstrates his need to be housed at a specific

19  facility, or whether he is alleging that he received inadequate medical care following the

20  extraction.  Therefore, in his second amended complaint, plaintiff must identify his claims and

21  provide separate allegations to support each of these claims, rather than providing a general

22  narrative which is to be applied to all of his claims.  Plaintiff must also identify which defendants

23  are named in each of his causes of action.  Although plaintiff has alleged that all defendants are

24  liable with respect to each of his claims, this allegation is obviously overbroad.  For example,

25  plaintiff contends that he was sexually harassed and assaulted by defendant Brockett while

26  incarcerated at CSP-Sacramento.  However, several of the named defendants were never

3

1   employed at CSP-Sacramento and there is no allegations that they were otherwise made aware of

2   the alleged harassment of plaintiff.

3         Plaintiff is advised that in his amended complaint, he must limit his claims to

4   incidents that allegedly occurred at CSP-Sacramento or High Desert State Prison.  Claims arising

5   from incidents that occurred at Salinas Valley State Prison must be brought in an action filed

6   with the U.S. District Court for the Northern District of California.  The federal venue statute

7   requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1)

8   a judicial district where any defendant resides, if all defendants reside in the same State, (2) a

9   judicial district in which a substantial part of the events or omissions giving rise to the claim

10  occurred, or a substantial part of property that is the subject of the action is situated, or (3) a

11  judicial district in which any defendant may be found, if there is no district in which the action

12  may otherwise be brought."  28 U.S.C. § 1391(b).  Therefore, the court will not entertain claims

13  that arose at Salinas Valley State Prison and the defendants related only to such claims should

14  not be named in this action.

15        Plaintiff has named as defendants the Director of the California Department of

16  Corrections and the wardens at CSP-Sacramento.  Supervisory personnel are generally not liable

17  under § 1983 for the actions of their employees under a theory of respondeat superior and,

18  therefore, when a named defendant holds a supervisorial position, the causal link between him

19  and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607

20  F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert.

21  denied, 442 U.S. 941 (1979).  Vague and conclusory allegations concerning the involvement of

22  official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673

23  F.2d 266, 268 (9th Cir. 1982).

24        In order to provide plaintiff with guidance, the court will provide the following

25  legal standards against which the claims raised in plaintiff's amended complaint must be

26  measured.  It is well established that a prison official's deliberate indifference to a substantial risk

4

of serious harm to an inmate violates the cruel and unusual punishment clause of the Eighth

Amendment.  Farmer v. Brennan, 511 U.S. 825, 828-29 (1994); Helling v. McKinney, 509 U.S.

25, 31-32 (1993); Wilson v. Seiter, 501 U.S. 294, 302 (1991); Estelle v. Gamble, 429 U.S. 97,

104 (1976).  "It is not, however, every injury suffered by one prisoner at the hands of another that

translates into constitutional liability for prison officials responsible for the victim's safety."

Farmer, 511 U.S. at 834.  There are an objective and a subjective requirement which must be met

for an Eighth Amendment claim.  First, for the objective requirement, "the inmate must show

that he is incarcerated under conditions posing a substantial risk of serious harm."  Id.  Second,

the prison official must have a sufficiently culpable state of mind.  See id.  Here the state of mind

is one of deliberate indifference.  See id.  A prison official who knows of and disregards an

excessive risk to the inmate's health or safety demonstrates deliberate indifference.  See id. at

837.  Thus, "the official must both be aware of facts from which the inference could be drawn

that a substantial risk of serious harm exists, and he must also draw that inference."  Id.

However, an official that knows of a substantial risk to an inmate's health or safety but acts

reasonably under the circumstances will not be held liable under the cruel and unusual

punishment clause, even if the threatened harm results.  See id. at 843.  Therefore, in his second

amended complaint plaintiff must allege facts demonstrating that he faced a substantial risk of

serious harm, that the officials knew of and disregarded the risk of harm to plaintiff and that the

actions of the officials were not reasonable.

        To support a claim of retaliation under section 1983, a prisoner must allege facts

which support his allegations that (1) prison officials retaliated against him for exercising his

constitutional rights, and (2) the retaliatory action did not advance legitimate goals of the

correctional institution or was not narrowly tailored to achieve those goals.  See Rizzo v.

Dawson, 778 F.2d 527, 532 (9th Cir. 1985).  A prisoner must also establish that the protected

conduct was a substantial or motivating factor for the alleged retaliatory acts.  See Mt. Healthy

City Board of Ed. v. Doyle, 429 U.S. 274, 285-87 (1977).  Bare allegations are insufficient to

1  avoid summary dismissal of a retaliation claim.  See Rizzo, 778 F.2d at 532, n.4; see also Leer v.

2  Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

3          To prevail on an Eighth Amendment claim of inadequate medical care, plaintiff

4  must prove "acts or omissions sufficiently harmful to evidence deliberate indifference to serious

5  medical needs."  Estelle, 429 U.S. at 106.  Such a claim has two elements:  "the seriousness of

6  the prisoner's medical need and the nature of the defendant's response to that need."  McGuckin

7  v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1991).[2]

8          A medical need is serious "if the failure to treat the prisoner's condition could

9  result in further significant injury or the 'unnecessary and wanton infliction of pain.'"

10  McGuckin, 974 F.2d at 1059 (quoting Estelle, 429 U.S. at 104).  Indications of a serious medical

11  need include "the presence of a medical condition that significantly affects an individual's daily

12  activities."  Id. at 1059-60.  In demonstrating the existence of a serious medical need, a prisoner

13  satisfies the objective requirement for proving an Eighth Amendment violation.  See Farmer, 511

14  U.S. at 834.

15          If a prisoner establishes the existence of a serious medical need, then he must

16  show that prison officials responded to the serious medical need with deliberate indifference.

17  Proof that the defendants acted with deliberate indifference is required to satisfy the subjective

18  prong of the two-part test applicable to Eighth Amendment claims.  See Farmer, 511 U.S. at 834.

19  Before it can be said that a prisoner's civil rights have been abridged with regard to medical care,

20  "the indifference to his medical needs must be substantial.  Mere 'indifference,' 'negligence,' or

21  'medical malpractice' will not support this cause of action."  Broughton v. Cutter Laboratories,

22  622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06).  Deliberate indifference is

23  "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of

24

25          [2]  The requirements with respect to mental health care are the same.  See Doty v. County
   of Lassen, 37 F.3d 540, 546 (9th Cir. 1994).

26

1  due care for the prisoner's interests or safety.'" <u>Farmer</u>, 511 U.S. at 835 (quoting <u>Whitley</u>, 475

2  U.S. at 319).  Mere differences of opinion between a prisoner and prison medical staff as to

3  proper medical care do not give rise to a § 1983 claim.  <u>See</u> <u>Sanchez v. Vild</u>, 891 F.2d 240, 242

4  (9th Cir. 1989); <u>Franklin v. Oregon</u>, 662 F.2d 1337, 1334 (9th Cir. 1981).

5          Lastly, plaintiff is informed that the court cannot refer to a prior pleading in order

6  to make plaintiff's second amended complaint complete.  Local Rule 15-220 requires that his

7  second amended complaint be complete in itself without reference to any prior pleadings.  This is

8  because, as a general rule, an amended complaint supersedes the original complaint.  <u>See</u> <u>Loux v.</u>

9  <u>Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files a second amended complaint, the

10  prior pleadings no longer serves any function in the case.  Therefore, in a second amended

11  complaint, as in an original complaint, each claim and the involvement of each defendant must

12  be sufficiently alleged.

13          In accordance with the above, IT IS HEREBY ORDERED that:

14          1.  Plaintiff's amended complaint, filed on December 29, 2004, is dismissed.

15          2.  Plaintiff is granted thirty days from the date of service of this order to file a

16  second amended complaint that complies with the requirements of the Civil Rights Act, the

17  Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint

18  must bear the docket number assigned this case and must be labeled "Second Amended

19  Complaint ;" plaintiff must use the form complaint provided by the court and attachments thereto

20  are limited to ten pages; plaintiff must file an original and two copies of the second amended

21  complaint; failure to file a second amended complaint in accordance with this order will result in

22  a recommendation that this action be dismissed.

23  /////

24  /////

25  /////

26  /////

1        3.  The Clerk of the Court is directed to provide plaintiff with the court's form

2  complaint for a section 1983 action.

3  DATED: August 15, 2005.

4

5  DAD:4
   mana1712.14

6                                         DALE A. DROZD
                                          UNITED STATES MAGISTRATE JUDGE
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26