IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEWART MANAGO,

      Plaintiff,                        No. CIV S-04-1712 FCD DAD P

    vs.

M. KNOWLES, et al.,

      Defendants.              FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Before the court is plaintiff's motion for a preliminary injunction.

        The legal principles applicable to a request for injunctive relief are well established. To prevail, the moving party must show either a likelihood of success on the merits and the possibility of irreparable injury, or that serious questions are raised and the balance of hardships tips sharply in the movant's favor. See Coalition for Economic Equity v. Wilson, 122 F.3d 692, 700 (9th Cir. 1997); Oakland Tribune, Inc. v. Chronicle Publ'g Co., 762 F.2d 1374, 1376 (9th Cir. 1985). The two formulations represent two points on a sliding scale with the focal point being the degree of irreparable injury shown. Oakland Tribune, 762 F.2d at 1376. "Under any formulation of the test, plaintiff must demonstrate that there exists a significant threat of

/////

1

irreparable injury." Id. In the absence of a significant showing of possible irreparable harm, the court need not reach the issue of likelihood of success on the merits. Id. Finally, in cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

Here, plaintiff seeks an order to prohibit "defendants, their officers, servants, employees, and all persons acting in concert or participation with them . . . from threatening plaintiff with punishment, penalty, or other reprisals; harassing plaintiff; or imposing punishment, penalty, or other reprisals because of plaintiff's exercise of his rights under the First Amendment or his pursuit of legal remedies." (Mot. at 18.) Plaintiff's supporting allegations concern events which occurred several years ago and serve as the basis of his pending lawsuit.

There are several defects with plaintiff's motion. First, the relief plaintiff seeks is overly broad and vague. Second, plaintiff has failed to demonstrate that he will suffer irreparable harm if the requested relief is not granted. His allegations concern events that occurred several years ago and there is no evidence that he faces injury that is real, rather than fancied or imagined. Third, in order to obtain injunctive relief, plaintiff must demonstrate that he has exhausted the prison's inmate grievance system. See, Farmer v. Brennan, 511 U.S. 825, 847 (1994) ("When a prison inmate seeks injunctive relief, a court need not ignore the inmate's failure to take advantage of adequate prison procedures, and an inmate who needlessly bypasses such procedures may properly be compelled to pursue them."). As noted above, several of plaintiff's allegations are the basis of this action. On January 17, 2007, defendants filed a motion to dismiss this action for failure to exhaust administrative remedies.

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's motion for preliminary injunction, filed on April 25, 2007, be denied without prejudice.

/////

1  These findings and recommendations are submitted to the United States District
2  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
3  days after being served with these findings and recommendations, any party may file written
4  objections with the court and serve a copy on all parties.  Such a document should be captioned
5  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
6  shall be served and filed within ten days after service of the objections.  The parties are advised
7  that failure to file objections within the specified time may waive the right to appeal the District
8  Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
9  DATED: April 30, 2007.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

13  DAD:4
mana1712.pi