IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEWART MANAGO,

    Plaintiff,                       No. CIV S-04-1712 FCD DAD P

    vs.

M. KNOWLES, et al.,                 ORDER AND

    Defendants.               FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.  Before the court is defendants' motion to dismiss, plaintiff's motion for leave to file a third amended complaint, plaintiff's motion to compel discovery, defendants' motion for a protective order, and plaintiff's request for an extension of time to submit documents for service on defendant Chapman.

I. <u>Defendants' Motion to Dismiss</u>

        Defendants Kennedy, Stiles and Vance move to dismiss plaintiff's complaint pursuant to unenumerated Rule 12(b) of the Federal Rules of Civil Procedure due to plaintiff's failure to exhaust available administrative remedies prior to bringing this action.  Defendants Knowles and Brockett seek to join in the motion.  Their requests for joiner will be granted.

/////

1

Below, the court will summarize the chronology of plaintiff's prison grievances, administrative responses and other relevant events as established by the exhibits and arguments submitted by the parties.

On May 11, 2004, plaintiff submitted an inmate grievance (log no. 04-00946) concerning alleged sexual misconduct by defendant correctional officer Brockett and requested: (1) that defendant Brockett be ordered to submit to a blood test for sexually transmitted diseases; and (2) that plaintiff be provided a copy of all investigative reports.  (Pl.'s Req. for Judicial Notice[1] (Req. Jud. Not.) filed 1/31/07, Ex. A, Inmate/Parolee Appeal Form.)  The informal and first level of review were bypassed.  (Id.)  The appeal was received by the Appeals Coordinator at California State Prison - Sacramento on May 19, 2004.  (MTD, Ex. A, Decl. of Inmate Appeals Coordinator R. Carter ¶ 5 at 2.)  The response was due thirty working days thereafter or no later than July 1, 2004.  (Id., Carter Decl. ¶ 6 at 2.)

On June 21, 2004, the Department of Corrections (CDC), Office of Investigative Services (OIS), responded to plaintiff's grievance as well as to the retaliation claim raised in inmate Hackett's declaration submitted in support of plaintiff's grievance.  (Req. Jud. Not., Ex. A, CDC letter, dated 6/21/04.)  The OIS denied plaintiff's request that defendant Brockett be ordered to submit to a blood test because she was terminated as a result of the internal affairs investigation and was no longer a CDC employee.  (Id.)  Plaintiff's request for copies of all investigative reports was denied because the internal affairs investigations are considered confidential.  (Id.)  Lastly, plaintiff was informed that he could pursue his appeal at the Director's level of review.  (Id.)

//////

---

[1] Plaintiff requests that the court take judicial notice of the fact that he is a class member in the Coleman v. Wilson and Madrid v. Gomez lawsuits.  The court will deny the request as unnecessary since the issues in those cases are not relevant to the pending motion to dismiss. The court has, however, reviewed the documents attached to plaintiff's request for judicial notice and accepts them as exhibits in support of plaintiff's opposition to defendants' motion to dismiss.

On July 19, 2004, plaintiff's third level appeal was received by the Inmate Appeals Branch (IAB) and assigned the appeal Case No. 0400629. (MTD, Ex. B (Santiago Decl.), ¶ 6 at 2.) While that appeal was pending, on August 20, 2004, plaintiff filed his civil rights complaint with this court. On October 12, 2004, the Inmate Appeals Branch issued the director's level decision with respect to plaintiff's case number 0400629. (MTD, Ex. B, Director's Level Appeal Decision.) Plaintiff's appeal was denied at the director's level for the following reasons. The primary complaint against defendant Brockett had been resolved and was closed. (Id.) The secondary complaint alleging threats of reprisals was referred to the OIA for further review and "[u]pon completion of final review, the appellant will be notified by the investigative body that an inquiry was completed and whether the complaint was unsubstantiated or substantiated." (Id.) Plaintiff's request for Brockett's personnel file and that she submit to a blood test were denied. (Id.) The decision concluded with the following notice, "This decision exhausts the administrative remedy available to the appellant within CDC." (Id.)

In a letter dated October 11, 2005, the California Department of Corrections and Rehabilitation (CDCR), Office of Internal Affairs - Northern (OIA), provided plaintiff the results of their investigation concerning his allegations that defendant Brockett and other staff were retaliating against plaintiff and threatening him. (Req. for Jud. Not., Ex. A, Office of Internal Affairs - Northern letter, dated 10/11/05.) The OIA determined that there was no evidence to substantiate allegations that plaintiff had been threatened or subjected to other retaliation because of plaintiff's cooperation in the investigation of defendant Brockett. (Id.)

On March 26, 2006, plaintiff filed an inmate grievance and requested that he be transferred to Atascadero State Hospital to obtain psychiatric treatment for the sexual abuse inflicted by defendant Brockett (log 06-00783). (Req. for Jud. Not., Ex. B, Inmate/Parolee Appeal Form dated 3/26/06.) On September 18, 2006, plaintiff's appeal was denied at the director's level of review. (Id., Ex. B, Director's Level Appeal Decision dated 9/18/06.)

/////

1         By the provisions of the Prison Litigation Reform Act of 1995, 42 U.S.C. § 1997e was amended to provide that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). The Supreme Court has ruled that exhaustion of prison administrative procedures is mandated regardless of the relief offered through such procedures. Booth v. Churner, 532 U.S. 731, 741 (2001).  The Court has also cautioned against reading futility or other exceptions into the statutory exhaustion requirement. Id. at 741 n.6.  Because proper exhaustion is necessary, a prisoner cannot satisfy the PLRA exhaustion requirement by filing an untimely or otherwise procedurally defective administrative grievance or appeal. Woodford v. Ngo, __ U.S. __, 126 S. Ct. 2378, 2382 (2006).

    In California, prisoners may appeal "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." Cal. Code Regs. tit. 15, § 3084.1(a).  Most appeals progress from an informal review through three formal levels of review. See Cal. Code Regs. tit. 15, § 3084.5.  A decision at the third formal level, also referred to as the director's level, is not appealable and will conclude a prisoner's administrative remedy. Cal. Code Regs. tit. 15, §§ 3084.1(a) and 3084.5(e)(2).[2]  A California prisoner is required to submit an inmate appeal at the appropriate level and proceed to the highest level of review available before filing suit. Butler v. Adams, 397 F.3d 1181, 1183 (9th Cir. 2005); Bennett v. King, 293 F.3d 1096, 1098 (9th Cir. 2002).

---

[2] The third level/Director's level response shall be completed within sixty working days unless the decision, action or policy is particularly complex. See Cal. Code Regs. tit. 15, §§ 3084.6(b)(4) - 3084.6(b)(5)(B).

The PLRA exhaustion requirement is not jurisdictional but rather creates an affirmative defense that a defendant may raise in a non-enumerated Rule 12(b) motion. Jones v. Bock, __ U.S.__, __, 127 S. Ct. 910, 921 (2007) ("[I]nmates are not required to specially plead or demonstrate exhaustion in their complaints."); Wyatt v. Terhune, 315 F.3d 1108, 1117-19 & nn.9 & 13 (9th Cir.), cert. denied sub nom. Alameida v. Wyatt, 540 U.S. 810 (2003). The defendant bears the burden of raising and proving the absence of exhaustion. Wyatt, 315 F.3d at 1119. "In deciding a motion to dismiss for a failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact." Id. at 1119-20. "I[f] the district court looks beyond the pleadings to a factual record in deciding the motion to dismiss for failure to exhaust–a procedure closely analogous to summary judgment–then the court must assure that [the prisoner] has fair notice of his opportunity to develop a record."[3] Id. at 1120 n.14. When the district court concludes that the prisoner has not exhausted administrative remedies on a claim, "the proper remedy is dismissal of the claim without prejudice." Id. at 1120. See also Lira v. Herrera, 427 F.3d 1164, 1170 (9th Cir. 2005), cert. denied ___U.S.___, 127 S. Ct. 1212 (2007). On the other hand, "if a complaint contains both good and bad claims, the court proceeds with the good and leaves the bad." Jones, 127 S. Ct. at 924.

It is clear from the record that plaintiff filed his civil rights complaint in this action before he exhausted his administrative remedies. The Director's level appeal was received by the Inmate Appeals Branch on July 19, 2004 and a decision was timely issued on October 12, 2004, one day before the expiration of the sixty-day deadline.[4] The pending civil rights action was filed on August 20, 2004, approximately one and a half months prior to the Director's level response. In his opposition to the motion to dismiss, plaintiff argues that his inmate appeals were

---

[3] Plaintiff was notified of the requirements for opposing a motion to dismiss brought pursuant to non-enumerated Rule 12(b) on November 28, 2006. (Order filed Nov. 28, 2006 at 3-4.)

[4] As defendants point out, in calculating sixty working days from July 19, 2004, the Labor Day and Columbus Day holidays are not to be included.

denied at the Director's level before he filed his second amended complaint on September 12, 2005. (Opp'n at 5-6.) Since the original complaint no longer serves any function in this case, plaintiff argues that the second amended complaint is the operative pleading, and administrative remedies were exhausted prior to the filing of the second amended complaint. (Id.) In addition, plaintiff advances a confusing argument in which he asserts that his administrative remedies have been exhausted because his allegations of sexual assault may properly be brought either as an administrative grievance or with the CDCR Internal Affairs Office. (Id. at 6-7.)

The Ninth Circuit has held that the exhaustion of administrative remedies must be completed before the plaintiff submits any papers to the federal court initiating litigation. Vaden v. Summerhill, 449 F.3d 1047, 1048 (9th Cir. 2006). Therefore, plaintiff is mistaken when he argues that the exhaustion of administrative remedies need only be completed prior to the filing of his second amended complaint. According to the court in Vaden, a plaintiff "may initiate litigation in federal court only after the administrative process ends and leaves his grievances unredressed." Id. at 1051. In addition, a prisoner does not comply with the exhaustion requirement by exhausting available remedies during the course of the litigation. McKinney v. Carey, 311 F.3d 1198, 1199-1200 (9th Cir. 2002). The fact that plaintiff's claims are now exhausted, does not satisfy the exhaustion requirement. The court is also unpersuaded by plaintiff's argument that the exhaustion requirements does not apply when the allegations of wrongdoing involve sexual abuse of a prisoner. Plaintiff provides no authority in support this argument.

Therefore, defendants' motion to dismiss should be granted and this action should be dismissed without prejudice.[5] See Wyatt v. Terhune, 315 F.3d at 1120.

/////

/////

---

[5] Dismissal without prejudice will permit plaintiff to file a new action if he wishes to do so since the exhaustion of the prison grievance process has now been completed.

II. Plaintiff's Motion for Leave to File a Third Amended Complaint

Plaintiff has not submitted a proposed third amended complaint with his motion for leave to amend. However, plaintiff explains that his proposed third amended complaint will name "all correct defendants," clarify his sexual abuse and retaliation claims, and include information about his psychiatric condition. The motion will be denied in light of plaintiff's failure to exhaust administrative remedies prior to initiating this action since the filing of third amended complaint will not cure the failure to exhaust.

III. Plaintiff's Motion to Compel and Defendants' Request for a Protective Order

Plaintiff requests a court order to compel defendant Brockett to produce documents, and to respond to interrogatories and requests for admissions that were served on March 19, 2007. In their request for a protective order, defendants contend that on May 7, 2007, plaintiff served defendants with 321 requests for production of documents, interrogatories, and requests for admissions. In light of the recommendation that the defendants' motion to dismiss be granted, the court will deny plaintiff's motion to compel and grant defendants' request for a protective order at this time pending consideration of these findings and recommendations.

IV. Plaintiff's Second Request for an Extension of Time

On May 1, 2007, the court ordered plaintiff to submit additional information to facilitate service on defendant J. Chapman. Before the court is plaintiff's June 6, 2007 request for a sixty-day extension of time to submit the requested information because plaintiff's attempts to conduct discovery have been frustrated. In light of the findings and recommendations recommending that defendants' motion to dismiss be granted, plaintiff's request for an extension of time will be denied at this time pending consideration of these findings and recommendations.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant Knowles' March 22, 2007 request to join in the pending motion to dismiss is granted;

/////

      2. Defendant Brockett's June 4, 2007 request to join in the pending motion to dismiss is granted;

      3. Plaintiff's May 10, 2007 motion for leave to file a third amended complaint is denied;

      4. Plaintiff's May 17, 2007 motion to compel discovery is denied;

      5. Defendants' May 18, 2007 request for a protective order staying discovery is granted;

      6. Defendant Brockett's June 4, 2007 request to join in the request for a protective order is granted; and

      7. Plaintiff's June 6, 2007 request for an extension of time to provide information to facilitate service on defendant Chapman is denied.

      Also, IT IS HEREBY RECOMMENDED that:

      1. Defendants' January 17, 2007 motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, be granted; and

      2. This action be dismissed without prejudice for failure to exhaust administrative remedies.

      These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised

/////
/////
/////
/////

1 that failure to file objections within the specified time may waive the right to appeal the District
2 Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
3 DATED: June 12, 2007.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
mana1712.mtd