IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEWART MANAGO,

      Plaintiff,                No. CIV S-04-1712 FCD DAD P

   vs.

M. KNOWLES, et al.,

      Defendants.        <u>ORDER</u>

_____/

      Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.  On August 31, 2007, upon reconsideration, the assigned District Judge affirmed his August 17, 2007 order dismissing plaintiff's first and second causes of action, but denying defendants' motion to dismiss as to plaintiff's third cause of action.  In that order, the undersigned was directed to grant plaintiff leave to file a third amended complaint so that he may proceed with his claim that he received inadequate medical care while incarcerated.

      Plaintiff is advised that a claim of inadequate medical care is based on the Eighth Amendment.  To state such an Eighth Amendment claim, plaintiff must allege facts demonstrating "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs."  <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976).  Such a claim has two elements:  "the seriousness of the prisoner's medical need and the nature of the defendant's

1   response to that need." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1991).  The

2   requirements for mental health care are the same as those for physical health care.  See Doty v.

3   County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994).

4           A medical need is serious "if the failure to treat the prisoner's condition could

5   result in further significant injury or the 'unnecessary and wanton infliction of pain.'"

6   McGuckin, 974 F.2d at 1059 (quoting Estelle v. Gamble, 429 U.S. at 104).  Indications of a

7   serious medical need include "the presence of a medical condition that significantly affects an

8   individual's daily activities." Id. at 1059-60.  In demonstrating the existence of a serious medical

9   need, a prisoner satisfies the objective requirement for proving an Eighth Amendment violation.

10  See Farmer v. Brennan, 511 U.S. 825, 834 (1994).

11          Plaintiff must also provide factual allegations showing that the defendants

12  responded to his serious medical need with deliberate indifference.  Proof that the defendants

13  acted with deliberate indifference is required to satisfy the subjective prong of the two-part test

14  applicable to Eighth Amendment claims.  See Farmer, 511 U.S. at 834.  Before it can be said that

15  a prisoner's civil rights have been abridged with regard to medical care, "the indifference to his

16  medical needs must be substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice'

17  will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th

18  Cir. 1980) (citing Estelle, 429 U.S. at 105-06).  Deliberate indifference is "a state of mind more

19  blameworthy than negligence" and "requires 'more than ordinary lack of due care for the

20  prisoner's interests or safety.'" Farmer, 511 U.S. at 835 (quoting Whitley, 475 U.S. at 319).

21          Plaintiff is also advised that there can be no liability under 42 U.S.C. § 1983

22  unless there is some affirmative link or connection between a defendant's actions and the

23  claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167

24  (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory

25  allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of

26  Regents, 673 F.2d 266, 268 (9th Cir. 1982).

1      Plaintiff is informed that the court cannot refer to a prior pleading in order to

2 make plaintiff's third amended complaint complete.  Local Rule 15-220 requires that an amended

3 complaint be complete in itself without reference to any prior pleading.  This is because, as a

4 general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

5 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files a third amended complaint, the prior pleadings

6 no longer serves any function in the case.  Therefore, in his third amended complaint, as in an

7 original complaint, plaintiff's claim that he received constitutionally inadequate medical care and

8 the involvement of each defendant in that regard must be sufficiently alleged.

9      In accordance with the above, IT IS HEREBY ORDERED that:

10      1.  Plaintiff is granted thirty days from the date of service of this order to file and

11 serve a third amended complaint that complies with the requirements of the Civil Rights Act, the

12 Federal Rules of Civil Procedure, and the Local Rules of Practice; the third amended complaint

13 must bear the docket number assigned to this case and must be labeled "Third Amended

14 Complaint"; plaintiff must use the form complaint provided by the court; failure to file a third

15 amended complaint in accordance with this order will result in a recommendation that this action

16 be dismissed without prejudice;

17      2.  Within thirty days after the service of plaintiff's third amended complaint,

18 defendants shall file their response; and

19      3.  The Clerk of the Court is directed to provide plaintiff with the court's form

20 complaint for a § 1983 action.

21 DATED: September 27, 2007.

22

23      _Dale A. Drozd_

24      DALE A. DROZD

      UNITED STATES MAGISTRATE JUDGE

25 DAD:4

   mana1712.3amd

26