IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEWART MANAGO,

    Plaintiff,　　　　　　　　　　No. CIV S-04-1712 FCD DAD P

    vs.

M. KNOWLES, et al.,　　　　　　　　　ORDER AND

    Defendants.　　　　　　　　　FINDINGS AND RECOMMENDATIONS

_____/

    Plaintiff is a state prisoner proceeding pro se with a civil rights complaint pursuant to 42 U.S.C. § 1983. Before the court is a motion to dismiss (MTD) plaintiff's third amended complaint for failure to state a cognizable claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and pursuant to Rule 12(b) due to plaintiff's failure to exhaust administrative remedies prior to filing suit. The motion is brought on behalf of defendants Vance, Kennedy, Knowles, and Stiles and defendant Brockett has filed a joinder in the motion. Plaintiff has filed a timely opposition and the defendants have filed timely replies.

**BACKGROUND**

    Plaintiff filed his complaint in this action on August 20, 2004. Prior to the screening of the complaint by the court, plaintiff filed an amended complaint on December 29, 2004. On August 16, 2005, the court dismissed the amended complaint with leave to amend and

1

provided plaintiff the opportunity to clarify the factual allegations made in support of his three claims. Plaintiff filed his second amended complaint on September 12, 2005. On September 28, 2006, the court issued an order finding that service was appropriate on defendants Knowles, Stiles, Vance, Kennedy, Brockett, and Chapman.

On January 17, 2007, defendants Stiles, Vance and Kennedy filed a motion to dismiss due to plaintiff's alleged failure to exhaust administrative remedies. On August 17, 2007, the assigned district judge adopted findings and recommendations recommending that plaintiff's first and second causes of action be dismissed and the action proceed only as to the third cause of action claiming denial of adequate medical care. Following plaintiff's motion for reconsideration, the district judge affirmed the August 17, 2007 order and directed that plaintiff be granted leave to file a third amended complaint "to allege greater specificity and grounds for his third claim for relief." (Order filed August 31, 2007 at 2.)

Plaintiff filed his third amended complaint on October 5, 2007. Therein he alleges that defendants were deliberately indifferent to his medical needs in violation of his Eighth Amendment rights. Specifically, plaintiff alleges as follows:

> Plaintiff Stewart Manago, alleges that defendants violated his Eighth Amendment rights by failing to keep plaintiff free from physical abuse, and sexual abuse at CSP-Sacramento. After plaintiff reported the sexual harasment [sic] and sexual assault to CDCR Prison Officials, plaintiff Manago was never treated by institutional medical staff. The assault caused [p]hysical and [m]ental injuries. Plaintiff further alleges that defendants Knowles, Stiles, Vance, Kennedy and Chapman, failed to transfer plaintiff to the California Medical Facility, and as a direct result of this failure to transfer him. [sic] Defendants Mary Brockett, subjucted [sic] plaintiff to sexual harassment and sexual assault, at California State Prison-Sacramento.

(Compl. at 5.)

/////

/////

/////

2

## MOTION TO DISMISS

The court will turn to defendants' motion to dismiss for failure to exhaust administrative remedies, which it finds to be dispositive.[1]

I. The Arguments of the Parties

   A. Defendants' Arguments

In support of their motion to dismiss the complaint due to plaintiff's alleged failure to exhaust his administrative remedies defendants have submitted a declaration by N. Grannis, the Chief of the Inmate Appeals Branch in Sacramento. Mr. Grannis states that he reviewed the records and computer database to determine the status of any third level appeals that were filed by plaintiff relating to the claims presented in his third amended complaint. Mr. Grannis declares as follows:

> Our records reveal the following: None of Plaintiff's appeals about prison officials' failure to protect him from Brockett's sexual harassment and their subsequent retaliation were exhausted at the Director's level **before Plaintiff filed suit on August 20, 2004.** Plaintiff submitted CDC 602, Inmate Appeal Number 04-00946, at the informal level on May 11, 2004, and **a Director's level decision for the appeal was issued on October 12, 2004.** Attached as Exhibit 1 and 2 are true and correct copies of the CDC 602 and Director's level decision. Plaintiff submitted CDC 602, Inmate Appeal Number 06-00783, at the informal level on March 26, 2006, and **a Director's level decision for that appeal was issued on September 18, 2006**. Attached as Exhibit 3 and 4 are true and correct copies of that CDC 602 and Director's level decision.

/////
/////
/////
/////
/////

---

[1] Accordingly, the court need not address defendants' motion to dismiss for failure to state a cognizable claim.

3

(MTD, Ex. A, ¶ 9 at 3) (emphasis added).[2]  Thus, defendants argue that this action must be dismissed because none of plaintiff's grievances in any way related to Brockett's alleged sexual harassment had been exhausted through the Director's level before plaintiff filed this action on August 20, 2004.

    B. Plaintiff's Opposition

Plaintiff argues that he did not receive a timely Director's level response to his grievance.  He contends that the Director's level response is due within sixty working days absent a written notification to the prisoner of the delay.  Plaintiff argues that when prison officials failed to respond to his grievance at the Director's level within sixty working days as required by California Code of Regulations § 3084.6(b)(6), he had satisfied the exhaustion requirement and was free to bring this civil action.

Plaintiff also contends that on June 21, 2004, he was informed that defendant Brockett was no longer employed by the CDCR and that as a result, prison officials had no jurisdiction over her.  Plaintiff argues that since defendant Brockett was no longer an employee at the prison, there was no further relief available to him through the prison grievance procedure and that the exhaustion requirement was therefore satisfied.

    C. Defendants' Reply

Defendants argue that plaintiff was required to exhaust the prison grievance procedures even if the specific remedies he sought were not available through those procedures. As for plaintiff's assertion that the Director's level response to his grievance was not issued within sixty working days, defendants argue that only 31-days had elapsed from the time

---

[2] The Director's level decision dated October 12, 2004, in response to appeal number 04-00946, noted that plaintiff had claimed that "[h]e has been denied mental health care as a result of his complaint [concerning sexual misconduct by defendant Brockett]." (MTD, Ex. A-2.)  In his Director's level appeal dated September 18, 2006, plaintiff complained of inadequate mental health treatment for his post-traumatic stress disorder caused by the sexual abuse at the hands of defendant Brockett and requested a transfer to Atascadero State Hospital. (Id., Ex. A-4.)  That appeal was denied at the Director's level and plaintiff was "encouraged to avail himself of the treatment available to him within the CDCR Mental Health Services Delivery System." (Id.)

plaintiff's appeal was received at the Director's level on July 8, 2004 and when plaintiff prematurely filed this civil action on August 20, 2004. Moreover, defendants argue that the applicable regulations (see 15 C.C.R. § 3084.6(b)(5)) allow prison officials additional time to respond to grievances due to the complexity of the decision, action, or policy in question, and that any delay in the Director's level response in this case was appropriate given plaintiff's allegations of sexual harassment.

II. The Legal Requirement of Exhaustion of Administrative Remedies

By the Prison Litigation Reform Act of 1995 (PLRA), Congress amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002).

The Supreme Court has ruled that exhaustion of prison administrative procedures is mandated regardless of the relief offered through such procedures. Booth v. Churner, 532 U.S. 731, 741 (2001). The Court has also cautioned against reading futility or other exceptions into the statutory exhaustion requirement. Id. at 741 n.6. Because proper exhaustion is necessary, a prisoner cannot satisfy the PLRA exhaustion requirement by filing an untimely or otherwise procedurally defective administrative grievance or appeal. Woodford v. Ngo, 548 U.S. 81, 90-91 (2006).

In California, prisoners may appeal "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." Cal. Code Regs. tit. 15, § 3084.1(a). Most appeals progress from an informal review through three formal levels of review. See Cal. Code Regs. tit. 15, § 3084.5. A decision at the third formal level, also referred to as the Director's level, is not appealable and will conclude a prisoner's administrative

remedy. Cal. Code Regs. tit. 15, §§ 3084.1(a) and 3084.5(e)(2). A California prisoner is required to submit an inmate appeal at the appropriate level and proceed to the highest level of review available before filing suit. Butler v. Adams, 397 F.3d 1181, 1183 (9th Cir. 2005); Bennett v. King, 293 F.3d 1096, 1098 (9th Cir. 2002).

The PLRA exhaustion requirement is not jurisdictional but rather creates an affirmative defense that a defendant may raise in a non-enumerated Rule 12(b) motion. Jones v. Bock, 549 U.S. 199, ___, 127 S. Ct. 910, 921 (2007) ("[I]nmates are not required to specially plead or demonstrate exhaustion in their complaints."); Wyatt v. Terhune, 315 F.3d 1108, 1117-19 (9th Cir.), cert. denied sub nom. Alameida v. Wyatt, 540 U.S. 810 (2003). The defendant bears the burden of raising and proving the absence of exhaustion. Wyatt, 315 F.3d at 1119. "In deciding a motion to dismiss for a failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact." Id. "I[f] the district court looks beyond the pleadings to a factual record in deciding the motion to dismiss for failure to exhaust–a procedure closely analogous to summary judgment – then the court must assure that [the prisoner] has fair notice of his opportunity to develop a record."[3] Id. at 1120 n.14. When the district court concludes that the prisoner has not exhausted administrative remedies on a claim, "the proper remedy is dismissal of the claim without prejudice." Id. at 1120. See also Lira v. Herrera, 427 F.3d 1164, 1170 (9th Cir. 2005), cert. denied, ___ U.S. ___, 127 S. Ct. 1212 (2007). On the other hand, "if a complaint contains both good and bad claims, the court proceeds with the good and leaves the bad." Jones, 127 S. Ct. at 924.

III. Analysis

Here, plaintiff is proceeding solely on his claim that he did not receive necessary mental health treatment following defendant Brockett's sexual assault against him. Plaintiff filed two administrative appeals relating to his need for treatment. The latest administrative appeal,

---

[3] Plaintiff was notified of the requirements for opposing a motion to dismiss brought pursuant to non-enumerated Rule 12(b) on November 5, 2007. (Order filed Nov. 5, 2007 at 3-4.)

submitted by plaintiff on March 26, 2006 and assigned Log No. 06-00783, was filed long after this civil action was initiated and therefore cannot serve to satisfy the exhaustion requirement. See <u>Vaden v. Summerhill</u>, 449 F.3d 1047, 1048 (9th Cir. 2006) ("We conclude, however, that the PLRA requires that a prisoner exhaust administrative remedies before submitting any papers to the federal courts.").

Plaintiff's first administrative appeal was submitted on March 11, 2004 and was assigned Log No. 04-00946. While that administrative appeal may arguably have raised the issue of whether plaintiff was receiving adequate medical or mental health care, the Director's level response to that appeal was not issued until after plaintiff filed this civil action. Moreover, the court is not persuaded by plaintiff's argument that the Director's level response was untimely. In this regard, plaintiff's inmate appeal form shows that his grievance was bypassed at both the informal and formal levels of review and according to the date stamp on the document, the Director's level appeal was not received at the Inmate Appeals Branch until July 8, 2004. (MTD, Ex. A-2.) Director's level responses are to be completed within sixty working days, and the time limit commences upon receipt of the appeal by the appeals coordinator. Cal. Code Regs. tit. 15, §§ 3084.6 (a), (b)(4); <u>Gonzales v. Rodriguez</u>, No. 1:06-cv-01792 -OWW-SMS PC, 2007 WL 1805020 *1 (E.D. Cal. June 21, 2007). Thus, the Director's level response to plaintiff's appeal was not due until October 1, 2004, at the earliest. Plaintiff, however, prematurely filed this civil action on August 20, 2004.[4]

---

[4] The Director's level response was not issued until October 12, 2004, approximately eleven days past the apparent deadline. However, the applicable regulations provide that administrative responses may be delayed due to the (1) unavailability of the appellant, staff or inmate witness, (2) the complexity of the decision, action or policy, or (3) necessary involvement of other agencies or jurisdictions. 15 C.C.R. § 3084.6(b)(5). The regulations also provide: "<u>Except for the third formal level</u>, if an exceptional delay prevents completion of the review within specified time limits, the appellant shall be informed in writing of the reasons for the delay and the estimated completion date." 15 C.C.R. § 3084.6(b)(6) (emphasis added). Thus, it would appear that the brief delay in issuing a Director's level response in this case did not require written notice under the regulations. Moreover, the brief delay was not excessive given the nature of plaintiff's allegations and the ongoing investigation by the Office of Internal Affairs. See <u>Porter v. Nussle</u>, 534 U.S. 516, 526 (2002) (noting that available grievance procedures need

Lastly, the court rejects plaintiff's argument that exhaustion of administrative remedies was not required because defendant Brockett is no longer an employee of the California Department of Corrections and Rehabilitation. As defendants have argued, exhaustion of administrative remedies is required even if the relief plaintiff seeks is not available in the grievance proceedings. See Porter v. Nussle, 534 U.S. at 524.

### CONCLUSION

Accordingly, IT IS HEREBY ORDERED that defendant Brockett's November 2, 2007 motion for joinder is granted.

IT IS HEREBY RECOMMENDED that:

1. The motion to dismiss the third amended complaint for failure to exhaust administrative remedies filed October 31, 2007 on behalf of defendants' Knowles, Stiles, Vance, and Kennedy be granted; and

2. This action be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised

/////

/////

---

not be "speedy"); Gonzales v. Supulveda, No. C 07-3351 SI (pr), 2008 WL 283788 (N.D. Cal. Feb. 1, 2008); Wright v. Carter, No. C06-5151RJB, 2007 WL 777448 (W.D. Wash. March 12, 2007) (holding that 6-week delay did not render grievance process unavailable and it appeared the delay was an oversight rather than a deliberate delay). Under some circumstances, "[d]elay in responding to a grievance, particularly a time-sensitive one, may demonstrate that no administrative process is in fact available." Brown v. Valoff, 422 F.3d 926, 943 n.18 (9th Cir. 2005). However, that is not the case here.

that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 15, 2008.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
mana1712.mtd2